SC



## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

RANDY STARNER            :No: 01-CV-757

      VS.                   :

DR. DANIELS, PRISON PHYSICIAN,   :
HELEN SNEED, DEPUTY WARDEN    :
OF TREATMENT, EARL REITZ,       :
WARDEN CUMBERLAND COUNTY    :
PRISON, RICHARD RIVEGNO,       :
COMMISSIONER CUMBERLAND     :
COUNTY AND CUMBERLAND        :
COUNTY

FILED
SCRANTON

JUL 2 5 2001

PER _____
DEPUTY CLERK

### DEFENDANTS' HELEN SNEED, EARL REITZ, RICHARD RIVEGNO, AND
### COUNTY OF CUMBERLAND'S
### 12(B)(6)MOTION TO DISMISS PLAINTIFF'S COMPLAINT

     Andrea L. Bennett, Esquire, counsel for defendants Helen Sneed, Earl Reitz,

Richard Rivegno and County of Cumberland, hereby moves this Honorable Court to

Dismiss the Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(B)(6)

for failure to state a claim upon which relief may be granted. Defendants rely upon the

attached brief in support of said Motion.

                 DEVLIN AND DEVINE

                 BY: _____
                    Andrea L. Bennett
                    William Devlin
                    Attorney for Defendants
                    Suite 200, 100 West Elm Street
                    Conshohocken, PA 19428
                    610-397-4635
                    **Attorney ID # 74991**

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RANDY STARNER                          :No: 01-CV-757
                                       :
        VS.                            :
                                       :
DR. DANIELS, PRISON PHYSICIAN,         :
HELEN SNEED, DEPUTY WARDEN             :
OF TREATMENT, EARL REITZ,              :
WARDEN CUMBERLAND COUNTY               :
PRISON, RICHARD RIVEGNO,               :
COMMISSIONER CUMBERLAND                :
COUNTY AND CUMBERLAND                  :
COUNTY                                 :

DEFENDANTS' HELEN SNEED, EARL REITZ, RICHARD RIVEGNO, AND
COUNTY OF CUMBERLAND'S
BRIEF IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S COMPLAINT
PER FED. R.CIV.P. 12(b)(6)

I.      FACTS

        Plaintiff, a prisoner, filed a *pro se* 42 U.S.C. sec. 1983 civil rights lawsuit against

the Dr. Daniels, Northampton County Prison physician, Mrs. Sneed, Deputy Warden of

Treatment, Mr. Reitz, Warden, Richard Revigno, County Commissioner, and

Cumberland County. In his Complaint, he alleges that Dr. Daniels refused to provide

adequate medical treatment, in the form of carpal tunnel surgery. (See paragraph II(c)(2)

of Complaint, attached hereto and incorporated herein as Exhibit "A").  Plaintiff further

alleges that he specifically notified defendants Deputy Warden Sneed and Warden Reitz

of Dr. Daniels' "negligence."

## II.    LEGAL ARGUMENT- Plaintiff's Complaint Fails to State a Claim for Relief Under Section 1983

Fed. R.C.P. 12(b)(6) provides a method to seek the dismissal of a Complaint "for

failure of a pleading to state a claim upon which relief can be granted."  The purpose of a

motion to dismiss is to test the legal sufficiency of a Complaint.  Sturm v. Clark, 835

F.2d 1009, 1011 (3d Cir. 1987).  In determining whether to grant a motion to dismiss, the

Court must accept "as true the facts alleged in the Complaint and all reasonable

inferences that can be drawn from them."  Unger v. National Residence Matching

Program, 928 F.2d 1392, 1394-95 (3d Cir. 1991).

In an action brought pursuant to 42 U.S.C. section 1983, a plaintiff must allege

that a person acting under color of law deprived him of a right, privilege or immunity

secured by the constitution or federal law.  Kost v. Kozakiewicz, 1F.3d 176, 185 (3d Cir.

1993).  In the present case, it would appear that the plaintiff is alleging deprivation of

medical care in violation of the Eighth Amendment of the Constitution prohibiting cruel

and unusual punishment.[1]  As discussed below, the plaintiff does not state a claim upon

which relief may be granted.  More specifically, the plaintiff has not alleged deliberate

indifference to his serious medical needs.

2

To state an Eighth Amendment claim for denial of medical care, a plaintiff must allege that 1) the defendant exercised deliberate indifference and that 2) the prisoner's medical needs were serious. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Such deliberate indifference to a serious medical need constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Id. However, as the Supreme Court has recognized, not every claim that a prisoner has not received adequate medical treatment states a violation of the Eighth Amendment. Id. For example, a complaint alleging that a physician has been negligent in diagnosis or treatment does not state a valid Eighth Amendment claim. Id. In order to do so, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. In the present case, no such acts or omissions have been alleged, and the Complaint must be dismissed.

In the present case, assuming *arguendo* that the plaintiff's allegations are true, they establish that: 1) 12/4/00 – his hand and fingers were examined, 2) 1/22/01- electrodiagnostic studies were performed, 3) 2/26/01- he was given a wrist brace, 4) 2/28/01- Dr. Daniels advised plaintiff that conservative treatment was recommended before surgery, 5) 3/7/01- different brace was ordered, 6) 3/17/01- new brace given. The decision to try a course of conservative treatment before surgery cannot by any stretch constitute cruel and unusual punishment. The present case is not unlike the situation

---

[1] In the Addendum to his Complaint, the plaintiff accuses Dr. Daniels of violating his Eighth, Fourteenth, and Fifth Amendment rights, as well as of "deliberate indifference" and "negligence." The only arguably

addressed by the Supreme Court in Estelle v. Gamble.  In Estelle, the plaintiff

complained of the prison physician's care of his low back injury, which was treated with

bed rest, muscle relaxants and pain relievers.  Id. at 107.  The plaintiff suggested that

more should have been done in the way of diagnostic testing.  The Supreme Court noted

that "the question whether an X-ray or additional diagnostic techniques or forms of

treatment is indicated is a classic example of a matter for medical judgment.  A medical

decision not to order an x-ray, or like measures, does not represent cruel and unusual

punishment.  At most it is medical malpractice, and as such the proper forum is the sate

court under the Texas Tort Claims Act."  Id.  Just as the decision not to perform certain

diagnostic testing in Estelle was a matter for medical judgment, so was the physician's

decision in the present case to administer conservative treatment and brace the claimant.

     The plaintiff himself characterizes Dr. Daniels' action or inaction as negligent,

when he alleges "Deputy Warden, Mrs. Sneed was notified prior because of a letter I sent

to her pertaining to Dr. Daniel's **negligence**."  (See p. 2 of handwritten addendum to

Complaint, emphasis added).  As the Supreme Court noted, medical malpractice does not

become a constitutional violation merely because the victim is a prisoner.  Id.  As the

plaintiff in the instant case has not alleged deliberate indifference to a serious medical

need which would constitute the unnecessary and wanton infliction of pain proscribed by

the Eighth Amendment, his Complaint must be dismissed.

---

cognizable claim under the facts alleged is for an Eighth Amendment violation.

## III.    CONCLUSION

For the reasons discussed above, the plaintiff's Complaint must be dismissed.

DEVLIN AND DEVINE

BY: _____

Andrea L. Bennett
William Devlin
Attorneys for defendants,
Deputy Warden Sneed
Warden Reitz
Richard Revigno
Cumberland County

Suite 200, 100 West Elm Street
Conshohocken, PA  19428
610-397-4605
ID# 74991

Date: 7/24/01

5

A

A

ORIGINAL

part of (1)

# In The United States District Court for the Middle District of Pennsylvania

# 1 : CV01 - 0757

## Complaint

RECEIVED
~~FILED~~
SCRANTON

APR 2 0 2001

PER _____
DEPUTY CLERK

## Civil Action

## Case No.

_____

FILED
SCRANTON

APR 3 0 2001

PER _____
DEPUTY CLERK

1983 FORM

**FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT**
**UNDER THE CIVIL RIGHTS ACT 42**
**USC PARA. 1983**

_____

_Randy Alan Starner_

_____

[Enter above the full name of the
Plaintiff or Plaintiffs in this action]

In the United States District
Court for the Middle
District of Pennsylvania

"Dr Daniels" - Physician - Prison.
"Mrs. Sneed" Deputy Warden of Treatment.
"Mr. Reitz" Warden of Prison.
"County of Cumberland" - Commissioner's Office
(Richard Revigno)

[Enter above the full name of the
Defendant or Defendants in this action]

I.   **Previous Lawsuits**

   A. Have you begun other lawsuits in State or Federal Court
      dealing with the same facts involved in this action or
      otherwise relating to your imprisonment?

                                    Yes _____    No __X__

   B. If your answer to A. is yes, describe each lawsuit in
      the space below. (If there is more than one lawsuit,
      describe the additional lawsuits on another piece of
      paper, using the same outline).

   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____

-2-

1. Parties to this previous lawsuit
   Plaintiffs: _____
   _____

   Defendants: _____
   _____

2. Court (if Federal Court, name the District; if State
   Court, name the County).

   _____

3. Docket Number: _____

4. Name of Judge to whom case was assigned:

   _____

5. Disposition (for example: was the case dismissed?

   Was it appealed? Is it still pending? _____
   _____

6. Aproximate Date of Filing Lawsuit: _____

7. Approximate Date of Disposition: _____

II.  Place of Present Confinement: _Cumberland County Prison_
     _Carlisle, Pa 17013_

A. Is there a Prisoner Grievance Procedure in this Insti-
   tution?                              Yes _X_   No _____

B. Did you present the facts relating to your complaint in the
   State Prisoner Grievance Procedure?  Yes _X_   No _____

C. If your answer is YES:

   1. What steps did you take? _Wrote Formal Letter_
      _to Warden, Deputy Warden, also gave_
      _copy of letter to Dr. Daniels-_
   2. What was the result? _____
      _Dr. Daniels refused to provide_
      _adequate medical needs (operation)_
      _for Carpal Tunnel._

-3-

D. If your answer is NO, explain why not: _____

_____

_____

III.   Parties

[In the Item A below, place your name in the first blank and
place your present address in the second blank. Do the same
for additional plaintiffs, if any].

A. Name of Plaintiff   Randy Alan Starner

Address:   Cumberland County Prison

1101 Claremont Rd Carlisle Pa. 17013

[In the Item B below, place the full name of the defendant in
the first blank, his official position in the second blank,
and his place of employment in the third blank. Use item C for
the names, positions, and places of employment of any additional
defendants].

B. Defendant   Dr. Daniels                                    is
employed as   Physician - For Cumberland Couni
Prison,

C. Additional Defendants:   Warden - Mr. Reitz
Deputy Warden Treatment - Mr. Sneed
and Cumberland County Commissioners
Office (Richard Rehigne - Commissioner)

IV.   Statement of Claim:

State here as briefly as possible the facts of your case.
Describe how each defendant is involved. Include also the names of
other persons involved, dates and places. Do not give any legal
arguments or cite any cases or statutes. if you intend to allege
a number of related claims, number and set forth each claim in a
separate paragraph. [Use as much space as you need. Attach extra
sheet if necessary].

See Atached Sheets

- 4 -

V.    Relief:

State briefly exactly what you want the Court to do for you
Make no legal arguments. Cite no cases or statutes.

1.) To have operation to relieve pain
and numbness in hand & arm

2.) compensated for violation of
Rights, Pain and suffering.

($500.00 per Day, Beginning)
(  December 4, 2000 to ?        )

-5-

Signed this ___13___ day of ___April___ , 2001

_Randy Alan Starner_

[Signature of Plaintiff or Plaintiff

Executed at _Cumberland County Prison, Carlisle_
[Name of Institution, City, County] PA. 17013

I declare under penalty of perjury that the foregoing is true
and correct.

Executed on ___April 13, 2001___
[Date]

_Randy Alan Starner_

[Signature of Plaintiff or Plaintiff

I am an Inmate at the Cumberland County Prison, Carlisle, Pennsylvania. I have been incarcerated since June 24th 2001/per Parole violation. I am serving the balance of my sentence, which will be finished December 30, 2001.

I am filing this suit because of Dr. Daniels, physician Cumberland County Prison. Dr. Daniels by refusing to provide me medical treatment, is violating my Constitutional Rights.

I am accusing DR. Daniels
of violating:

    1.) Eighth Amendment

    2.) Fourteenth Amendment

    3.) Fifth Amendment

    4.) Deliberate Indifference

    5. Negligence

I also am bringing the Deputy
Warden of Treatment into this
action, MRS. Sneed. Deputy War-
den, MRS. Sneed was notified
PRIOR because of a letter
I sent to her pertaining
to DR. Daniel's Negligence.

I am also bringing the Warden; MR. Reitz into this action because MR. Reitz also was in reciept of same letter pertaining to Dr Daniels negligence.

THEREFORE, as to MR. Reitz and MRS. Sneed, they are "Either has or is charged with having actual knowledge of DR. Daniels actions, RESULTING in deprivation of Inmate's Constitutional Rights.

I am an Inmate incarcerated in the Cumberland County Prison Carlisle, Pennsylvania. I have been in the Cumberland County Prison since June 24, 2001/Per Parole Violation. I am serving the balance of my sentence, which will be Finished December 30, 2001.

Monday - December 4, 2000
I went to the medical department "Sick-Call" to have my hand and fingers examined because of pain and numbness.

Dr. Daniels ordered test to be done outside the Prison at the Belvedere Medical Center.

Monday - January 22, 2001

I was taken to Belvedere Medical Center to have test done pertaining to Carpal Tunnel. An "electrodiagnostic" examination was performed. The physician, Dr. Jurgensen stated that their was significant loss of nerve response "Reaction time". Dr. Jurgensen explained the operation that would correct this problem.

After approximately (2) two weeks went by, and no word from the Medical Department. I called Dr. Jurgensen's office. His secretary informed me that the results were mailed to Dr. Daniels private office inadvertently. Mrs. Burgess/Nurse Cumberland County Prison, informed me that she has been calling Dr. Daniels office numerous times to have results faxed to the Prison.

Friday - February 23, 2001

I went to "Sick-call" medical department. I spoke with Dr. Daniels concerning the test results. Dr. Daniels said, "he did not bring the test results with him." "We'll have to get them in here." I told Dr. Daniels, "I hope I don't have to throw paper to have you do your job." He became hostile, and said; "Are you trying to aggravate me?" I told him "no; I'm the one that's aggravated." He then said; "You brought it in

hERE, you can take it out of hERE. I'm not going to do any-thing for you."

February 24-25, 2001 Saturday Sunday

Over the weekend I wrote a letter to, WaRden; MR. Reitz, pertaining to DR. Daniels' negli-gence and Time Table of Delay-ing treatment. A copy of letter was sent to Deputy Warden; Treat-ment - MRs. Sneed. A copy was also sent to DR. Daniels.

Monday - February 26, 2001
    Said letter was Received
by all three parties.
    Results arrived at Prison,
after 35 days at Dr. Daniels office.
    That evening, wrist brace
arrived for me. Wrist-brace with-
out support stay. (Part that keeps
wrist from bending.)
    Tuesday - February 27, 2001
    Sent Dr. Jurgensen a
letter, asking for copy of test
Results and his prognosis.
No Reply.

Wednesday- February 28, 2001
        Sent Dr. Daniels Request
slip asking if I was going to be
scheduled for surgery. His Reply,
"Conservative management indi-
cated before consideration of
surgery."
        Wednesday - March 7, 2001
            Went to "sick-call" medical
department, pertaining to brace.
Dr. Woods there this time. Dr. Wood
Mr. Teaney (Sgt. of 7Am-3pm shift),
Nurse-Burgess and myself,
"discussion" Dr. Woods stated

that said brace was no good because of no "stay" wrist support. Another type of brace was to be ordered.

Thursday - March 8, 2001
- Sent Dr. Jurgensen notorized letter, formally asking for copy of test results and prognosis. (as of today March 23, 2001- no reply.)

Wednesday - March 14, 2001
- Sent request slip to medical department asking when new brace would come in.

Friday - March 16, 2001

Becky - nurse told me new brace should be here today, or tomorrow.

Saturday - March 17, 2001

New brace arrives and given to me. New brace is the same as old brace. Also, support stay (part that keeps wrist from bending.) was removed.

Monday - March 19, 2001

Went to medical Department again, pertaining to brace. Once again brace taken back

Friday - March 23, 2001

Brace Returned to me with tongue depressors sewn into area where original support piece goes.

I declare under penalty of perjury that the above Dates and Statements are true and correct.

April 13, 2001
Date

Signature

Place: Cumberland County Prison

# Time Table

December 4, 2000: First went to
medical Department, test ordered.

January 22, 2001 - (49) Days later went
for test, Belvedere Medical Center.

February 26, 2001 - (35) Days to have
test Results faxed, from his private
office, to the Prison.

March 24, 2001 - (26) Days latter, I
Received brace that has been
altered, not in proper form
medically unsound.

December 4, 2000

to

January 22, 2001

to

February 26, 2001

to

March 24, 2001

49 Days

35 Days

26 Days

110 Total Days

(And Still More Day's to Go By!)

Under penalty of purjury the above is true and correct.

April 13 2001
Date

_Randy Alan Turner_
Signature

Place: Cumberland County Prison

## Discussion

I fail to understand how, after all the time that has gone by, that I have accomplished nothing. When I first went to the Medical Department on December 4, 2000, until present date, I still have <u>not</u> had my medical needs adequately met.

<u>April 13 2001</u>
Date.

<u>Randy Man Garner</u>
Signature.

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RANDY STARNER                           :No:  01-CV-757
                                        :
        VS.                             :
                                        :
DR. DANIELS, PRISON PHYSICIAN,          :
HELEN SNEED, DEPUTY WARDEN              :
OF TREATMENT, EARL REITZ,               :
WARDEN CUMBERLAND COUNTY                :
PRISON, RICHARD RIVEGNO,                :
COMMISSIONER CUMBERLAND                 :
COUNTY AND CUMBERLAND                   :
COUNTY                                  :

## CERTIFICATE OF SERVICE

I hereby certify that service of a true and correct copy of the enclosed

Defendants' Motion to Dismiss Plaintiff's Complaint was sent to all parties on July 24, 2001 by

United States certified mail and first-class mail, postage pre-paid.

Randy Starner
C/O Cumberland County Prison
1101 Claremont Road
Carlisle, PA 17013

DEVLIN AND DEVINE
BY: _____
Andrea L. Bennett
William Devlin
Attorney for Defendants
Suite 200, 100 West Elm Street
Conshohocken, PA  19428
610-397-4635
    Attorney ID # 74991

7