FOULKROD ELLIS
PROFESSIONAL CORPORATION
1800 Linglestown Road - Suite 305
Harrisburg, Pennsylvania 17110
Telephone: [717] 213-4200
Fax: [717] 213-4202

Attorneys for:
Michael O. Daniels, M.D.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RANDY ALAN STARNER,
    Plaintiff

    v.

MICHAEL O. DANIELS, M.D.,
HELEN SNEED, Deputy
Warden of Treatment, EARL REITZ,
Warden Cumberland County Prison,
RICHARD RIVEGNO, Commissioner and
CUMBERLAND COUNTY, PA,
    Defendants

CIVIL NO. 1:CV-01-0757

(S.J. William Caldwell)

JURY TRIAL DEMANDED

RULE 12(B)(6) MOTION OF DEFENDANT, MICHAEL O. DANIELS, M.D.
FOR DISMISSAL OF CONSTITUTIONAL CLAIMS

AND NOW, comes Defendant, Michael O. Daniels ("Dr. Daniels"), by and through his counsel, Foulkrod Ellis, P.C. and moves for dismissal of constitutional claims as follows:

1. This *pro se* prisoner civil rights and medical malpractice action was commenced on April 30, 2001 by way of Complaint, alleging that Dr. Daniels was negligent and did violate Plaintiff's constitutional rights in exercising his medical judgment to pursue a course of conservative therapy prior to surgical intervention for carpal tunnel syndrome.

FILED
SCRANTON

SEP 2 4 2001

PER _____
DEPUTY CLERK

2. Plaintiff's Complaint alleges that Dr. Daniels violated his 5th[1], 8th, and 14th[2] amendment rights by "refusing to provide [him] with medical treatment" for his carpal tunnel syndrome.

3. In Estelle v. Gamble, 429 U.S. 97, 104 (1976), the United States Supreme Court ruled that a cause of action under the 8th Amendment arises only when there is "deliberate indifference to serious medical needs of prisoners." The Estelle Court explained that "a complaint that a physician has been [at most] negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Id. at 106.

4. The Estelle Court further reasoned that "the question whether . . . [a given] form of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an x-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court." Id. at 107.

5. This Honorable Court agreed with the reasoning of the Estelle opinion in Flanagan v. Shivley, 783 F.Supp. 922 (M.D.Pa. 1992), where the court stated that "'The courts will not

---

[1] Plaintiff's 5th Amendment claim is easily disposed of, as the Due Process Clause of the 5th Amendment applies only to entities of the Federal, not local government.

[2] Plaintiff asserts his 14th Amendment claim derivatively because the Eighth Amendment is applied to the states through the 14th Amendment. There is no direct 14th Amendment claim because the protections of the 14th Amendment Due Process Clause "are [not] triggered by [alleged] lack of due care by prison officials." Daniels v. Williams, 474 U.S. 327, 333 (1986).

intervene upon allegation of mere negligence, mistake or difference of opinion.'"

6. The <u>Flanagan</u> court concluded that "'[t]he key question . . . is whether defendants have provided plaintiff with some type of treatment, regardless of whether it is what plaintiff desires.'" <u>Id.</u>

7. Plaintiff's allegations do not overcome the foregoing standards; rather, Plaintiff claims only to disagree with Dr. Daniels' medical judgment in pursuing conservative therapy before surgery.

8. In fact, Plaintiff's Complaint details Dr. Daniels' informed diagnosis and treatment of Plaintiff's carpal tunnel syndrome, asserting that Dr. Daniels examined him, ordered nerve conduction studies and ultimately opined that conservative therapy was indicated prior to consideration of surgery: "Conservative management indicated before consideration of surgery".

WHEREFORE, Defendant, Michael O. Daniels, M.D. respectfully requests that this Honorable Court dismiss Plaintiff's constitutional claims against Dr. Daniels with prejudice and remand Plaintiff's medical malpractice claim to the Cumberland County Court of Common Pleas.

3

Respectfully submitted,

FOULKROD ELLIS
PROFESSIONAL CORPORATION
1800 Linglestown Road - Suite 305
Harrisburg, PA 17110

Date: 9/21/01   By: _____
ANDREW H. FOULKROD, ESQUIRE
Attorney I.D. No. 77394
Attorney for Michael O. Daniels, M.D.

4

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of the foregoing RULE 12(B)(6) MOTION OF DEFENDANT, MICHAEL O. DANIELS, M.D. FOR DISMISSAL OF CONSTITUTIONAL CLAIMS were served upon counsel of record this 21st day of September, 2001, by depositing said copy in the United States Mail at Harrisburg, Pennsylvania, postage prepaid, first class delivery, and addressed as follows:

Randy Alan Starner
Cumberland County Prison
1101 Claremont Road
Carlisle, PA 17013

William J. Devlin, Jr., Esquire
DEVLIN & DEVINE
100 West Elm Street
Conshohocken, PA 19428

FOULKROD ELLIS
PROFESSIONAL CORPORATION

By: *Donna V. Sturr*
Donna V. Sturr, Paralegal