**FILED
SCRANTON**


SEP 2 4 2001

FOULKROD ELLIS
PROFESSIONAL CORPORATION
1800 Linglestown Road - Suite 305
Harrisburg, Pennsylvania 17110        DEPUTY CLERK
Telephone:   [717] 213-4200
Fax:         [717] 213-4202

Attorneys for:
Michael O. Daniels, M.D.

### UNITED STATES DISTRICT COURT
### FOR THE
### MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDY ALAN STARNER,<br>       Plaintiff | : | CIVIL NO. 1:CV-01-0757 |
| | : | |
| v. | : | |
| | : | (S.J. William Caldwell) |
| | : | |
| MICHAEL O. DANIELS, M.D.,<br>HELEN SNEED, Deputy<br>Warden of Treatment, EARL REITZ,<br>Warden Cumberland County Prison,<br>RICHARD RIVEGNO, Commissioner and<br>CUMBERLAND COUNTY, PA,<br>       Defendants | :<br>:<br>:<br>:<br>:<br>: | JURY TRIAL DEMANDED |

---

### BRIEF IN SUPPORT OF
### RULE 12(B)(6) MOTION OF DEFENDANT, MICHAEL O. DANIELS, M.D.
### FOR DISMISSAL OF CONSTITUTIONAL CLAIMS

---

## I.   PROCEDURAL/FACTUAL HISTORY

This *pro se* prisoner civil rights and medical professional liability action was commenced on April 30, 2001 by way of Complaint.  Plaintiff was approved to proceed *in forma pauperis* on June 5.  Subsequently, Defendant, Michael O. Daniels, M.D. ("Dr. Daniels") unknowingly executed a waiver of service of process.

The gravamen of Plaintiff's Complaint is that Dr. Daniels, a physician under contract with the Cumberland County Prison to provide medical services to inmates, was negligent and did violate Plaintiff's constitutional rights in exercising his

medical judgment to pursue a course of conservative therapy prior to surgical intervention for carpal tunnel syndrome.  A copy of Plaintiff's Complaint accompanies the instant Brief as Exhibit "1".

This Brief is offered in support of the Rule 12(b)(6) Motion of Michael O. Daniels, M.D. for Dismissal of Constitutional Claims, filed simultaneously herewith.


II.    ISSUE

WHETHER PLAINTIFF'S CONSTITUTIONAL CLAIMS AGAINST DR.
DANIELS FOR REFUSING TO PROVIDE MEDICAL CARE SHOULD BE
DISMISSED WITH PREJUDICE BECAUSE DR. DANIELS EXERCISED HIS
MEDICAL JUDGMENT TO PURSUE CONSERVATIVE THERAPY PRIOR TO
SURGICAL INTERVENTION?

(Suggested answer in the affirmative).


III. ARGUMENT

A.    ENLARGEMENT OF TIME

In June of 2001, Dr. Daniels, then un-represented, unknowingly executed a waiver of service (sent June 11) while executing certain documents per the request of prison officials. Dr. Daniels did not forward a copy of the waiver, or of the Complaint, to his insurance carrier or subsequently assigned counsel.

Dr. Daniels' counsel inquired of the Clerk of Court and was advised that service had not yet been effectuated as ordered by The Honorable William W. Caldwell.  Accordingly, Dr. Daniels' counsel awaited service.

On September 10, 2001, counsel for Dr. Daniels examined the docket to evaluate whether service had been effectuated and at

that time learned of Dr. Daniels' execution of a waiver of service. A copy of the Docket reflecting said date accompanies this brief as Exhibit "2". Dr. Daniels' counsel promptly obtained a copy of the Complaint and prepared the instant Rule 12(b)(6) motion.

This Honorable Court is authorized to enlarge filing time under the foregoing circumstances (See Fed. R. Civ. P. 6(b)), particularly where the instant motion (for failure to state a claim upon which relief can be granted) may be presented at any time through trial. Fed. R. Civ. P. 12(h)(2).

B.    STANDARD FOR RULING ON RULE 12(B)(6) MOTION

A motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) is proper when "the plaintiff can prove no set of facts in support of his claim which could entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When ruling on such a motion, a court may reject unsupported conclusions, unwarranted inferences and/or conclusory allegations of law. Id.

C.    PLAINTIFF'S CONSTITUTIONAL CLAIMS AGAINST DR. DANIELS SHOULD BE DISMISSED WITH PREJUDICE BECAUSE DR. DANIELS EXERCISED HIS MEDICAL JUDGMENT TO PURSUE CONSERVATIVE THERAPY PRIOR TO SURGICAL INTERVENTION

Plaintiff alleges that Dr. Daniels violated his 5[th][1], 8th, and 14[th][2] amendment rights by "refusing to provide [him] with medical treatment" for his carpal tunnel syndrome. See pages 1-2

---

[1] Plaintiff's 5th Amendment claim is easily disposed of, as the Due Process Clause of the 5th Amendment applies only to entities of the Federal, not local government.

[2] Plaintiff asserts his 14th Amendment claim derivatively because the Eighth Amendment is applied to the states through the 14th Amendment. There is no direct 14th Amendment claim because the protections of the 14th

attached to Plaintiff's Complaint, Exhibit "1" herewith.  At the same time, however, Plaintiff's Complaint details Dr. Daniels' informed diagnosis and treatment of said condition, asserting that Dr. Daniels examined him, ordered diagnostic nerve conduction studies and ultimately opined that conservative therapy (wrist brace) was indicated prior to consideration of surgery: "Conservative management indicated before consideration of surgery".  See pp. 4-14 attached to Plaintiff's Complaint, Exhibit "1" herewith.  Plaintiff's grievance with Dr. Daniels' care focuses solely on Dr. Daniels' medical judgment in prescribing conservative therapy prior to surgical intervention. See p. 4 of Plaintiff's Complaint, Exhibit "1" herewith.

The seminal case analyzing claims of improper prison medical care under the 8th Amendment is Estelle v. Gamble, 429 U.S. 97 (1976).  In Estelle, a prisoner brought a Section 1983 action against, inter alia, the State Correctional Department's medical director claiming inadequate medical treatment for a lower back injury.  Id. at 97.  As in the instant case, the prisoner had received medical care, but challenged the adequacy of it.  Id. The United States Supreme Court ruled that a cause of action under the 8th Amendment arises when there is "deliberate indifference to serious medical needs of prisoners."  Id. at 104. The Court qualified this ruling by stating: "This conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment."  Id. at 105.  The Court explained:

---

Amendment Due Process Clause "are [not] triggered by [alleged] lack of due care by prison officials."  Daniels v.

> An inadvertent failure to provide adequate medical care
> cannot be said to constitute 'an unnecessary and wanton
> infliction of pain' or to be 'repugnant to the
> conscience of mankind.'  Thus, a complaint that a
> physician has been [at most] negligent in diagnosing or
> treating a medical condition does not state a valid
> claim of medical mistreatment under the Eighth
> Amendment.  Medical Malpractice does not become a
> constitutional violation merely because the victim is a
> prisoner.  In order to state a cognizable claim, a
> prisoner must allege acts or omissions sufficiently
> harmful to evidence deliberate indifference to serious
> medical needs.  It is only such indifference that can
> offend 'evolving standards of decency' in violation of
> the Eighth Amendment.

Id. at 106 (footnote omitted) (emphasis supplied).  The Court

further reasoned:

> [Plaintiff's] complaint is 'based solely on the lack of
> diagnosis and inadequate treatment of his back injury.'
> The doctors diagnosed his injury as a lower back strain
> and treated it with bed rest, muscle relaxants and pain
> relievers.  [Plaintiff] contends that more should have
> been done by way of diagnosis and treatment, and
> suggests a number of options that were not pursued.
> The Court of Appeals agreed, stating: 'Certainly an x-
> ray of [Plaintiff's] lower back might have been in
> order and other tests conducted that would have led to
> appropriate diagnosis and treatment for the daily pain
> and suffering he was experiencing.'  But the question
> whether an x-ray or additional diagnostic techniques or
> forms of treatment is indicated is a classic example of
> a matter for medical judgment.  A medical decision not
> to order an x-ray, or like measures, does not represent
> cruel and unusual punishment.  At most it is medical
> malpractice, and as such the proper forum is the state
> court.

Id. at 107 (citations omitted) (emphasis supplied).

This Honorable Court voiced its concurrence with the Estelle

opinion in the case of Flanagan v. Shivley, 783 F.Supp. 922

(M.D.Pa. 1992).  In Flanagan, as in this case, Plaintiff alleged

"in conclusory fashion violation of his Eighth Amendment right to

---

Williams, 474 U.S. 327, 333 (1986).

medical treatment." Id. at 932. The court, speaking through The

Honorable James F. McClure, Jr., reasoned:

> To state an Eighth Amendment claim for denial of
> medical care, the plaintiff must prove specific facts
> which show that the defendants exhibited a 'deliberate
> indifference' to his serious medical needs. Deliberate
> indifference is more than inadvertence or a good faith
> error; it is characterized by 'obduracy and
> wantonness.' Whitley v. Albers, [475 U.S. 312, 319
> (1986)]. A 'serious medical need' is one 'that is so
> obvious that a lay person would easily recognize the
> necessity for a doctor's attention. Farmer v. Carlson,
> 685 F.Supp. 1335, 1339 (M.D.Pa. 1988). Negligent
> misdiagnosis or an inadvertent failure to provide care
> does not establish constitutional violation. Estelle
> v. Gamble, [429 U.S. 97, 104-106 (1976)]. 'The courts
> will not intervene upon allegation of mere negligence,
> mistake or difference of opinion . . . . For a
> constitutional tort to arise and for a cause of action
> to be stated under section 1983, the complainant must
> allege deliberate indifference to his continued health
> and well-being.' Bowring v. Godwin, 551 F.2d 44, 48
> (4th Cir. 1977). There must be proof that the conduct
> alleged was deliberate and intentional. Hampton v.
> Holmesburg, 546 F.2d 1077, 1081 (3rd Cir. 1976).
>
> This test 'affords considerable latitude to prison
> medical authorities in the diagnosis and treatment of
> the medical problems of inmate patients. Courts will
> 'disavow any attempt to second guess the propriety or
> adequacy of a particular course of treatment . . .
> which remains a question of sound professional
> judgment.'' Inmates of Allegheny County Jail v.
> Pierce, 612 F.2d 754, 762 (3d Cir. 1979), quoting
> Bowring, supra, 551 F.2d at 48. See also: Ellison v.
> Scheipe, 570 F.Supp. 1361, 1363 (E.D.Pa. 1983) ('prison
> officials cannot be required to second guess the
> medical judgment of the physician.') Along the same
> lines, evidence which shows only that an inmate
> disagrees with a diagnosis or the source of treatment
> selected for him are not sufficient. Estelle, supra,
> [429 U.S. at 105-106]. 'The key question . . . is
> whether defendants have provided plaintiff with some
> type of treatment, regardless of whether it is what
> plaintiff desires.' Lamb v. Maschner, 633 F.Supp. 351,
> 353 (D.Kan. 1986). See also: Farmer, supra, 685
> F.Supp. at 1339 and Bowring, supra.

Id. (emphasis supplied). See also Farmer v. Carlson, 685 F.Supp.

1335 (M.D.Pa. 1988). The court concluded that even if true,

plaintiff's allegations did not give rise to an Eighth Amendment violation.  Id. at 932-933.

Clearly, Plaintiff's allegations do not ovrcome the foregoing standards.  Rather, Plaintiff claims only to disagree with Dr. Daniels' medical judgment in pursuing conservative therapy before surgery. Plaintiff's Complaint details Dr. Daniels' informed diagnosis and treatment of Plaintiff's carpal tunnel syndrome, asserting that Dr. Daniels examined him, ordered nerve conduction studies and ultimately opined that conservative therapy was indicated prior to consideration of surgery: "Conservative management indicated before consideration of surgery".  See pages 4-14 attached to Plaintiff's Complaint, Exhibit "1" herewith.

IV.   CONCLUSION

The common thread throughout the above cases is that a disagreement about informed medical judgment, even if it is eventually found to be in error, simply does not make out a cause of action under the Eighth and Fourteenth Amendments. Accordingly, Plaintiff's constitutional claims against Dr. Daniels must be dismissed, with prejudice.  Plaintiff's remaining claim against Dr. Daniels, for medical malpractice, should be remanded to the Cumberland County Court of Common Pleas for disposition.

7

Respectfully submitted,

FOULKROD ELLIS
PROFESSIONAL CORPORATION
1800 Linglestown Road - Suite 305
Harrisburg, PA 17110

Date: 9/21/01            By: _____
                             ANDREW N. FOULKROD, ESQUIRE
                             Attorney I.D. No. 77394
                             Attorney for Michael O. Daniels, M.D.

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of the foregoing BRIEF IN SUPPORT OF RULE 12(B)(6) MOTION OF DEFENDANT, MICHAEL O. DANIELS, M.D. FOR DISMISSAL OF CONSTITUTIONAL CLAIMS were served upon counsel of record this 21st day of September, 2001, by depositing said copy in the United States Mail at Harrisburg, Pennsylvania, postage prepaid, first class delivery, and addressed as follows:

Randy Alan Starner
Cumberland County Prison
1101 Claremont Road
Carlisle, PA 17013


William J. Devlin, Jr., Esquire
DEVLIN & DEVINE
100 West Elm Street
Conshohocken, PA 19428

FOULKROD ELLIS
PROFESSIONAL CORPORATION


By: _Donna V. Sturr_____
    Donna V. Sturr, Paralegal