ORIGINAL



# United States District Court
## For The
# Middle District of Pennsylvania

Randy Alan Starner

v.

Dr. Daniels, Prison Physician;
Helen Sneed, Deputy Warden
of Treatment; Earl Reitz, Warden,
Cumberland County Prison;
Richard Rovegno, Commissioner
Cumberland County, and
Cumberland County

No: 01-CV-757

(William W. Caldwell
J.

**FILED**
HARRISBURG

OCT 1 0 2001

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

## Title 42 U.S.C.A. § 1983

# Brief In Support of
# Motion for Denial of
# Defense Counsel's
# Motion to Dismiss Plaintiff's Complaint

<u>Foulkrod Ellis P.C.</u>

Defense counsel for;

<u>Michael O. Daniels, M.D.</u>

<u>Argues that:</u>

1.) Plaintiff fails to state a claim upon which relief can be granted;

2.) Plaintiff can prove no set of facts which would grant him relief;

3.) Plaintiff's complaint focuses solely on Dr. Daniels' medical Judgment in prescribing conservative therapy prior to surgical intervention;

4.) Defense counsel claims that Plaintiff's complaint does not make out a cause of action under the Eighth and Fourteenth Amendments.

Plaintiff argues:

That Plaintiff's claims are based on a wider view of Dr. Daniels'

actions pertaining to this, Title 42
U.S.C.A §1983; Civil Rights Action, be-
fore The Honorable Court.

Said actions of Dr. Daniels are:

1.) Delay in providing Medi-
cal Treatment; See, Handwritten ad-
dendum to complaint, pages "4 thru 16"
"Log of; Dates of events, and time table
of number of days between each event,"

2.) Providing medical treat-
ment on Plaintiff's behalf;

(a.) Delaying medical treatment, see, handwritten addendum to plaintiff's complaint; pages "4 thru 16", "Log of; Dates of events and time table of number of days between each event."

(b.) Ignoring information provided by; Nerve Conduction Studies and Report, Electrodiagnostic examination supports plaintiff's claim of inadequate medical treatment, equal to no medical treatment; See, Nerve Conduction Studies and Report. (Exhibit-A)

4

3.) Dr. Daniels, by his own, "Omission", Refused plaintiff medical treatment, "I quote, I'm not going to do anything for you" See, Handwritten addendum to plaintiff's complaint, pages 7, 8; Feburary 23, 2001.

4.) Dr. Daniels ignoring, "Nerve Conduction Studies and Report," which colaborate plaintiff's claims;

(A.) The M-Response is significantly depressed in amplitude, 2200 uV, "normal, 7000 to 10,000 uV."

(B.) The distal evoked Response for the Median Nerve recorded over the Opponens Pollicis is markedly delayed in onset to 8.0 ms, "normal, less than 4.0 ms."

(C.) No distal Median Nerve sensory Response could be obtained over the flexor skin of the second finger.

(D.) Distal Median Nerve Conduction obtained on the left side by the same technique, "Borderline Normal."

(E.) Right, Medial Motor Wrist, amplitude 2200.0 uV, "Normal 7000 to 10,000 uV."

(F.) Right, Median Sensor Wrist, was unobtainable.

(G.) Right, Oppon Pollicis, 75% abnormal.

Confirming results, supporting cognizable claim sufficiently harmful to evidence deliberate indifference to serious medical needs.

It is only such indifference that can offend "evolving standards of decency" of the Eighth Amendment. (Exhibit - A)

5.) Dr. Daniels authorized a Cock-Up Wrist Brace that was, "altered" not in proper form, "shape"; therefore; brace is not performing medically, as it was designed to accomplish, "Cock-Up Stay" original stay that lifts and holds wrist and hand in an elevated extended-ed position to alleviate the "pinich point" has been removed,

Replaced with tongue depressors, allowing wrist and hand to move in any direction, not stabilizing wrist and hand form dropping, thus allowing the sheath to be crimped and creating a pinch point. See, Exhibit - E, Family Home Health Care Products, Inc., Explaining the functions of a Cock-Up Wrist Brace. Explaining what Carpar Tunnel is and the consequences when ignore for too long, also how to correct the progression of nerve damage.
(Also See; Exhibits B, C)

Exhibit-B, Right-Cock-Up Wrist Brace that is altered, Medically unsound.

Exhibit-C, Left-Cock-Up Wrist Brace from plaintiff's home residence, had prior operation on left wrist. Left, Cock-Up wrist brace is for comparison, in relation to Right Cock-Up wrist brace, as to proper form, "shape"

In determining whether to grant a Motion to Dismiss, the court must accept "as true the facts alleged in the Complaint and all reasonable inferences that can be drawn from them.

(Unger v. National Residence Matching Program, 928 F.2d 1392, 1394-95 (3d Cir. 1991)).

Futhermore:

He must then ask whether, accepting all those facts, there is any

possibility that Plaintiff can be entitled to any form of Relief. If any of the facts stated in plaintiff's complaint might qualify plaintiff for any form of court action under section 1983 then the Judge is legally required to deny the prison officials Motion to Dismiss Plaintiff's Complaint.

The United States Supreme Court has stated this test very strongly in two cases involving prisoner's suits under section 1983.

(CRUZ V. BETO, 405 U.S. 319 (1972); HAINES V. KERNER, 404 U.S. 519 (1972))

In CRUZ, the court said that a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (405 U.S. at 332, quoting from, Conley V. Gibson, 355 U.S. 41, 45-46 (1957)). In Haines, the court added that in considering a Motion to Dismiss, a Pro Sé complaint,

(one submitted by the plaintiff for himself, without a lawyer) should be held to "less stringent standards than the formal pleadings drafted by lawyers." (404 U.S. at 520).

As for Plaintiff not stating a claim upon which relief can be granted.

## Plaintiff claims;

1.) Dr. Daniels refused to provide plaintiff with adequate medical care

2.) Dr. Daniels refused to pro-
vide plaintiff medical treatment,

3.) Dr. Daniels in refusing the
plaintiff medical treatment violat-
ed Plaintiff's Rights under the Eighth
Amendment of the Constitution pro-
hibiting cruel and unusual punishmen

4.) Dr. Daniels, in refusing plain
tiff medical treatment, violates the
Eighth Amendment of the Constitu-
tion prohibiting cruel and unusual
punishment, therefore, also violates

the Plaintiff's Rights under the Fourteenth Amendment, "Due Process Clause".

5. Dr. Daniels was and is "Deliberately Indifferent" to plaintiff's serious medical needs.

As to Defense Counsel arguing that plaintiff has not alleged Deliberate Indifference to his serious medical needs. See, page 2 of handwritten addendum to plaintiff's complaint; (I am accusing Dr. Daniels of violating

"amoung other things" ④ Delib-
erate Indifference.).

In order to state a valid Eight
Amendment claim for denial of medi-
cal care, a plaintiff must allege that
1.) the defendant exercised deliber-
ate indifference and that 2.) the pri-
soner's medical needs were serious, and
that 3.) Plaintiff must allege act o
omissions sufficiently harmful to evi
dence deliberate indifference to his
serious medical needs.

On Feburary 23, 2001, Dr. Daniels explicitly stated I quote "I'm not going to do anything for you." "Omis-sion" Definition of, explicitly; to make clear or explicit, (something obscure or implied); Definition of not; word expressing the idea of no

Therefore:

Title 42 U.S.C.A. § 1983; Note 72 While mere inadvertence or negligence on the part of prison officials can not support a prisoner's civil rights

action Raising U.S.C.A. Const. Amend. 8 issues, deliberate indifference Regardless of how evidenced, either by actual or Recklessness, will provide a sufficient foundation.

(Little v. Walker, C.A.Ill. 1977, 552 F.2d 193).

Also 42 U.S.C.A. § 1983; Note 693;

Within context of prisoner's civil Rights action against prison officials to Recover for officials alleged

" deliberate deprivation" of prison-
er's Constitutional Rights, term "delib-
erate deprivation" denotes two species
of culpability, "actual intent" and
"Recklessness"; "actual intent" encom-
passes both the special intent to de-
prive prisoner of Constitutional Right
and "Recklessness" comprehends objective
standards or whether officials conduct
is with such disregard of prisoner's clear-
ly established Constitutional Rights
that the action can not be reasonably
characterized as being in good faith.

(Little v. Walker, C.A. Ill. 1977, 552 F.2d 193.)

Defense counsel argues as to the seriousness of prisoner's medical needs;

On January 22, 2001, Electrodiagnostic Studies were performed by Dr. Craig J. Jurgensen, Neurologist. While performing said studies, Dr. Jurgensen stated that there is significant loss of nerve function, (Nerve Conduction Studies and Report will Reveal plaintiff's serious medical need. "Exhibit-A" Mr. Jurgensen the explained operation that would correct, Carpal Tunnel Syndrome.

Therefore:

One should belief that an opera-
tion that is explained to the plaintiff,
a correctible progressive disease, "Carpal
Tunnel Syndrome" by way of said operation
is considered a serious medical need. A
reasonable person would believe that any
time an operation is needed to correct an
medical condition, that condition is
"serious".

On 12·4·00, Plaintiff's hand and
fingers were examined.

On 1·22·01, 49 days later, (emphasis added) eletrodiagnostic studies were performed.

On 2·26·01, 35 days later (emphasis added) plaintiff was given Cock-Up wrist brace, (without cock-up stay in place).

On 2·28·01, Dr. Daniels advised plaintiff that conservative treatment was recommended before surgery. (Dr. Daniels advised plaintiff concerning treatment, 5 day after stating,

I quote, "I'm not going to do any-thing for you.") "EMPHASIS ADDED"

On 3·7·01, 9 days after receiving brace Dr. Woods (Alternate Prison Physician) stated that I quote, "This is no good, there is no support, stay is not in it." (Cock-Up Wrist Support) another brace was ordered.

On 3·17·01; 10 days later, new brace arrives, new brace the same as prior brace, also, Cock-Up stay removed (emphasis added).

On 3·19·01; Went to medical department pertaining to new brace, once again brace taken back, because of no Cock-Up wrist stay. (Emphasis added)

On 3·23·01, 4 days later, brace returned to plaintiff, tongue depressors sewn into area where original support (Cock-Up Wrist Stay) belongs, Cock-Up wrist brace not in proper form, "shape," medically unsound, "altered."

Defense counsel's inference that plaintiff's complaint arises from negligence, as to Dr. Daniels' actions; When plaintiff described Dr. Daniels actions as negligence, it was in the way of informal letter to Mr. Reitz, Warden; Mrs. Helen Sneed, Deputy Warden of Treatment and Dr. Daniels. Plaintiff was notifing administration as to issues pertaining to Dr. Daniels' actions. Plaintiff was not addressing District Court and therefore, the proper language, "Dr. Daniels is, "Deliberately Indifferent" to my "Serious Medical

Needs", for doing such was not used. (Ex - F; G)

---

# Conclusion

The Constitution of the United States guarantees that my Civil Rights can not be transgressed upon, at the same time the Constitution guarantees that the transgressor shall be brought before the courts of the United States for proper redress.

Dr. Daniels, Title 42 U.S.C.A. § 1983, Note 344; Color of Law:

Where physician who examine[d] prisoner at county Jail was acting in his official capacity as a county healt[h] officer in treating the prisoner, the tr[eat]ment was "State Action" within mea[n]ing of this section and the physician w[as] not immune from suit under the act[.]

(Robinson V. Jordan, C.A. Tex. 1974, 494 F. 2d 793)

Defense counsel argues that;

The common thread throughout plaintiff's complaint is that plaintiff's disagreement about an informed medical Judgment, and does not make out a cause of action under the Eighth and Fourteenth Amendments.


In Response; The backbone of plaintiff's complaint, are the actions of Dr. Daniels Prison Medical Department and Prison Administration.

19

In Defense counsel's Brief in Support of Motion to Dismiss, Dr. Daniels is inferred to as an informed individual, "Definition of "Informed "In the text defense counsel conveys;" "Knowledge." (Emphasis Added)

A. That being an; "Informed Medical Judgment", why was information confirming the seriousness and advanced progress of plaintiff's Carpal Tunnel Syndrome, "Ignored"? (Ex-A)

B.) Inadequate, "Cock-Up Wrist Brace, Braces. (Ex-B,C)

c.) Inadequate, Medical Treatme

D.) "Omission", by Dr. Daniels; Refusing Plaintiff medical treatmen

E.) Delaying, Medical Treatmen

These (A.thur E.) are the "Gravamen of Plaintiff's Complaint. They are and need to be addressed properly in United States District Court,

This is a Title 42 U.S.C.A. § 1983;
Civil Rights Action; The issues are
pertaing to; Ignoring, Inadequate,
Omissions, Delaying; all issues of
Medical, arising a Constitutional
Eighth Amendment violation.

There are many issues involved
concerning Plaintiff's Complaint. It
would be unjust to the Plaintiff in
granting Defence Counsel's, Motion
to Dismiss Plaintiff's Complaint,
for there are still factfinders to be
heard and seen though Testimony

and Physical Evidence.

Therefore, Defense Counsel claims that Plaintiff's Complaint does not make out a cause of action under the Eighth Amendment. The many issues pertaining to this, Title 42 U.S.C.A. § 1983; Civil Action, proves otherwise.

Accordingly, Defense Counsel's Motion to have Plaintiff's Constitutional claims against Dr. Daniels Dismissed, Must be Denied and Dismissed.

Furthermore: Defense Counsel's Motion to have Plaintiff's Complaint Remanded to Cumberland County Court of Common Pleas for disposition, Must be Denied and Dismissed.


Respectfully Submitted,

Randy Alan Starner
Cumberland County Prison
1101 Claremont Road
Carlisle, Pa. 17013


October 4th, 2001
Date

By: _Randy Alan Starner_

Pro Se´

United States District Court
For The
Middle District of Pennsylvania

Randy Alan Starner

v.

Michael O. Daniels, M.D
et al.

No: 01-CV-757

(William W. Caldwell)
J.

## Certificate of Service

I hereby certify that service of a true and correct copy of the enclosed, Plaintiff's Brief In Support of Motion for Denial of Defense Counsel's Motion to Dismiss Plaintiff's Complaint was sent to counsel of record this 4th day of October, 2001 by first class mail.

Andrea L. Bennett
Devlin & Devine
100 W. Elm Street
Conshohocken, Pa. 19428

Foulkrod Ellis
Professional Corperation
1800 Linglestown, Road, Suite-
Harrisburg, Pa. 17110

By: _Randy Alan Starner_