

*See Attachment*

(39)

1-18-02
sc

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RANDY ALAN STARNER, :
 :
   Plaintiff :
 : CIVIL NO. 1:CV-01-0757
   v. :
 : (Judge Caldwell)
 :
DANIELS, <u>et</u>. <u>al</u>, :
 :
   Defendants :

FILED
JAN 17 2002
PER
HARRISBURG, PA. DEPUTY CLERK

<u>M E M O R A N D U M</u>

I. <u>Introduction</u>.

  Randy Allan Starner, a former Cumberland County Prison ("CCP") inmate, filed this <u>pro</u> <u>se</u> civil rights action pursuant to 42 U.S.C. ¶ 1983 alleging violations of his Fifth, Eighth and Fourteenth Amendment rights.[1]  The events described in the complaint all took place while Starner was housed at CCP as a parole violator.

  Aside from Cumberland County itself, the following Cumberland County employees are also named defendants: Earl Reitz, Warden; Helen Sneed, Deputy Warden of Treatment; and Richard Rivegno, a Cumberland County Commissioner.  Dr. Daniels, Starner's treating physician at CCP, is also named as a defendant.

  Starner alleges that Dr. Daniels and the other defendants were deliberately indifferent with respect to their treatment of his

———————

[1] Plaintiff filed a notice of address change on December 26, 2001 (doc. 37) indicating that his current address as of December 29, 2001, would be 79 North Corporation Street, Newville, PA 17241.

Certified as a true copy
Date 1/18/02
Mary E. D'Andrea, Clerk
Per _____ Michael
Deputy Clerk

carpal tunnel syndrome, an allegedly serious medical need. Presently pending before the Court are two motions to dismiss. Both the Cumberland County defendants and Dr. Daniels have filed motions to dismiss the complaint for failure to state a claim. For the reasons that follow, both motions will be granted.

II.   Background.

Starner claims that on December 4, 2000, he went to sick call with a complaint of pain and numbness in his hand.  Dr. Daniels referred him to an outside specialist for diagnostic nerve conduction studies, commonly known as an EMG test.  Starner was then transported to an outside medical center where on January 22, 2001, Dr. Jurgensen, conducted the EMG test.  After performing the test Dr. Jurgensen advised Starner of a degree of impingement in his wrist and told him the discomfort could be relieved via surgery. Dr. Jurgensen sent Dr. Daniels a report of his diagnostic findings.  This report was inadvertently sent to Dr. Daniels' medical office rather than the prison.

Approximately one month after the EMG was conducted, Starner again saw Dr. Daniels regarding his carpal tunnel.  Daniels advised Starner that he had forgotten to bring a copy of Dr. Jurgenson's report to the prison.  The following day Starner wrote a letter to Warden Reitz and Deputy of Treatment Sneed advising them of Dr.

-2-

Daniels' "negligence" and delay in treatment.  Within a matter of days of this letter Starner received a wrist brace without the support "stay," or immobilizing portion of the brace that keeps the wrist from bending.  Starner then sent Dr. Daniels a request slip asking when he would be scheduled for carpal tunnel surgery.  He was advised that Dr. Daniels felt "conservative management [was] indicated before consideration of surgery."  (Doc. 1, Exhibit A, p. 10).

On March 7, 2001, Starner reported to sick call and was seen by a different physician, Dr. Woods.  Starner was allegedly advised that his current wrist brace was ineffective because it was missing the immobilizing "stay".  Dr. Woods ordered Starner a new wrist brace.  Ten days later Starner received the new wrist brace. However, it was the same as the old one and was also missing the "stay."  Two days later Starner requested a new brace.  On March 23, 2001, Starner received a modified wrist brace with "tongue depressors sewn into area where original support" or "stay" would be.  (Id.)

III. Standard of Review.

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and

-3-

undisputedly authentic documents if the plaintiff's claims are based upon those documents. <u>Pension Benefit Guar. Corp. v. White Consol. Indus.</u>, 998 F.2d 1192, 1196 (3d Cir.1993), <u>cert</u>. <u>denied</u>, 510 U.S. 1042(1994).

A court, in rendering a decision on a motion to dismiss, must accept the veracity of the Plaintiff's allegations. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>White v. Napoleon</u>, 897 F.2d 103, 106 (3d Cir. 1990). Although the Court must, for the purposes of such a motion, accept all factual allegations as true, it is not bound to accept conclusory allegations of law, unsupported conclusions and unwarranted inferences or deductions set forth in the complaint. <u>Morse v. Lower Merion School District</u>, 132 F.3d 902, 906 (3d Cir. 1997); <u>Schuylkill Energy Resources, Inc. v. Pennsylvania Power & Light Company</u>, 113 F.3d 405 (3d Cir. 1997). Furthermore, "conclusory allegations or legal conclusions masquerading as factual allegations will not suffice to prevent a motion to dismiss." <u>Morse</u>, 132 F.3d at 906, n. 8.

In <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996), the Third Circuit added that when considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." "[A] complaint should not be dismissed for failure to state a claim

-4-

unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  Finally, it is additionally well-settled that <u>pro</u> <u>se</u> complaints should be liberally construed.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).

IV.  <u>Discussion</u>.

In order to assert an actionable civil rights claim, Plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).  Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs . . . Personal involvement may be shown through allegations of personal direction or actual knowledge and acquiescence." <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207-08 (3d Cir. 1988).  Such allegations, however, must be made with appropriate particularity.  <u>See</u> <u>id.</u>  Further, liability may not be imposed under § 1983 on the traditional standards of <u>respondeat</u> <u>superior</u>.  <u>Rode</u>, 845 F.2d at 1207-08.  Moreover,  "... supervisory personnel are only liable for the § 1983 violations of their subordinates if they knew of, participated in or acquiesced in such conduct." <u>Capone v. Marinelli</u>, 868 F.2d 102, 106 n.7 (3d Cir.

-5-

1989) (citing <u>Hampton v. Holmesburg Prison Officials</u>, 546 F.2d
1077, 1082 (3d Cir. 1976)).

The fundamental principles of Eighth Amendment analysis reveal
that "only 'the unnecessary and wanton infliction of pain'
constitutes cruel and unusual punishment forbidden by [that
Amendment]²." <u>Ingraham v. Wright</u>, 430 U.S. 651, 670 (1977)
(citations omitted). <u>Accord</u> <u>Whitley v. Albers</u>, 475 U.S. 312, 319
(1986). To establish deliberate indifference, a prison official
must both know of and disregard an excessive risk to inmate health
or safety. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994); <u>Wilson v.
Seiter</u>, 501 U.S. 294, 299 (1991). "[T]he official must both be
aware of facts from which the inference could be drawn that a
substantial risk of serious harm exists, and he must also draw the
inference." <u>Farmer</u>, 511 U.S. at 837. "The question ... is whether
prison officials, acting with deliberate indifference, exposed a
prisoner to a sufficiently substantial 'risk of serious damage to
his future health.'" <u>Id.</u>, at 843. Furthermore, an Eighth Amendment
claim exists only when there is a deliberate indifference to a
<u>serious</u> medical need. <u>West v. Keve</u>, 571 F.2d 158, 161 (3d Cir.
1978).

---

² The Eighth Amendment provides that "[e]xcessive bail shall
not be required, nor excessive fines imposed, nor cruel and unusual
punishments inflicted."

-6-

"[P]rison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners," Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993), and "mere disagreements over medical judgment" do not rise to the level of an Eighth Amendment violation.  White v. Napoleon, 987 F.2d 103, 110 (3d Cir. 1990). Importantly the Court of Appeals for the Third Circuit in Durmer, supra, added that a non-physician defendant can not be considered deliberately indifferent for failing to respond to an inmate's medical complaints when he is already receiving treatment by the prison's medical staff.  Id., 991 F. 2d at 68.

More than a decade ago, the Third Circuit ruled that "while the distinction between deliberate indifference and malpractice can be subtle, it is well established that as long as a physician exercises professional judgment his behaviour will not violate a prisoner's constitutional rights."  Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990).  "A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.  At most it is medical malpractice."  Estelle v. Gamble, 429 U.S. at 107.

Where an inmate is provided with medical care and the dispute is over the adequacy of that care, an Eighth Amendment claim does not exist.  Nottingham v. Peoria, 709 F.Supp. 542, 547 (M.D.Pa. 1988).  Disagreement among individuals as to the proper medical

-7-

treatment does not support an Eighth Amendment claim.  <u>Monmouth County Correctional Inst. Inmates v. Lensario</u>, 834 F.2d 326, 346 (3d Cir. 1987).  "It is well settled that claims of negligence or malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference'".  <u>Rouse v. Planter</u>, 182 F.3d 192, 197 (3d Cir. 1977).  Only flagrantly egregious acts or omissions can violate the standard.  Mere medical malpractice cannot result in an Eighth Amendment violation, nor can any disagreements over the professional judgment of a health care provider.  <u>White v. Napoleon</u>, 897 F.2d 103, 108-10.

In light of these standards, the Court will now discuss the Cumberland County defendants' and Dr. Daniels' motions to dismiss.

A.    <u>Motion to Dismiss Filed by Sneed, Reitz, Rivengo and Cumberland County</u>.

The Cumberland County defendants contend that their motion to dismiss should be granted because Starner has failed to state a claim against them.  Starner's opposition to the Cumberland County defendants' motion to dismiss simply recites his complaint. Starner maintains that Dr. Daniels was negligent in the treatment of his carpal tunnel, and that the Cumberland County defendants are jointly responsible because he put them on notice of this allegedly inappropriate medical care.  The court is of the view that the Cumberland County defendants' position is well taken as none of

-8-

them are medical personnel or alleged to have interfered with Starner's prescribed medical treatment by a prison physician.

The only reference in the complaint to Warden Reitz and Deputy Sneed is that they received a letter from Starner "pertaining to Dr. Daniels' negligence and time table of delaying treatment." (Doc. 1, Exhibit A, p. 8). Starner does not make any further allegations with respect to these defendants. Reitz and Sneed are not alleged to be physicians who are permitted to prescribe medication or make medical decisions regarding the appropriate course of treatment for carpal tunnel. Starner does not claim any Cumberland County defendant withheld medical treatment from him or interfered with his prescribed medical treatment. Starner makes no assertions that Reitz or Sneed (or any of the Cumberland County defendant) was individually "deliberately indifferent" to his medical needs. Starner fails to suggest that any Cumberland County defendant should have known that Daniels' treatment may have been inadequate in any way prior to their receipt of his letter. Notably, Starner admits to receiving his first wrist brace within days of sending this letter. As he has failed to allege that Reitz or Sneed knowingly permitted unconstitutional treatment to occur, dismissal in favor of these defendants is appropriate. For similar reasons, the complaint is dismissed against County Commissioner Rivegno as there are no

-9-

allegations of the personal involvement of this individual with respect to his participation in the care and treatment of Starner's medical condition. See Rode, 845 F.2d at 1207-08.

Turning to Starner's claims against Cumberland County itself, he cannot maintain a § 1983 claim against this entity.  A prison or correctional facility is not a "person" within the meaning of § 1983.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)(holding same for state police); Alabama v. Pugh, 438 U.S. 781, 782 (1978); Duvall v. Borough of Oxford, No. 90-0629, 1992 WL 59163, at *2 (E.D. Pa. Mar, 19, 1992) (county prison not a "person" subject to suit under § 1983).

Consequently, the court will grant the Cumberland County defendants' motion to dismiss.

B.   Dr. Daniels' Motion to Dismiss.

Starner contends Dr. Daniels violated his civil rights when Daniels negligently treated his carpal tunnel, delayed his receipt of medical treatment, failed to provide him with an appropriate wrist brace, and finally, denied him corrective surgery in lieu of a more "conservative" treatment approach. (Doc. 1, Exhibit A, p. 10).  Daniels moves to dismiss the complaint on the basis that Starner's negligence claims, based on his disagreement with Daniels' treatment decisions, do not rise to the level of a constitutional violation.  In opposing Daniels' motion to dismiss,

-10-

Starner does little more than recite the allegations of his complaint.

Assuming without deciding that plaintiff's carpal tunnel condition is a serious medical need in the constitutional sense, the allegations in the plaintiff's complaint against Daniels, at most, rise to the level of negligence.  The complaint reflects that Daniels promptly examined Starner and ordered the diagnostic EMG test after Starner complained of pain and numbness in his hand.  He was seen again by Daniels approximately one month after the EMG studies were conducted.  Within three days of that visit Daniels prescribed Motrin and a wrist brace for Starner.  The fact that Starner wanted a surgical remedy to his carpal tunnel, rather than Dr. Daniels' alternative choice of a more conservative approach, does not make Daniels' decision medically unsound, inadequate or inappropriate.  The fact that another physician at the facility examined him, and again prescribed the use of a brace, albeit a different, more supportive brace, further supports the reasonableness of Daniels' initial adoption of a more conservative course of treatment.  These facts, as alleged by Starner, clearly demonstrate that he received on-going treatment for his carpal tunnel syndrome, regardless of his disagreement with the treatment. Because a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does

-11-

not state a valid claim of medical mistreatment under the Eighth Amendment....", <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976), there are no allegations set forth which could support a finding that Dr. Daniels was deliberately indifferent to his medical condition.

Consequently, at best the assertions set forth against Daniels constitute a claim of negligence, which, pursuant to the above standards, is not properly raised in a § 1983 action.   In conclusion, the court will grant Dr. Daniels' motion to dismiss. An appropriate order will enter.

William W Caldwell
_____
WILLIAM W. CALDWELL
United States District Judge

Date: January 17, 2002

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RANDY ALAN STARNER,                    :
                                       :
              Plaintiff                :
                                       :    CIVIL NO. 1:CV-01-0757
         v.                            :
                                       :    (Judge Caldwell)
                                       :
DANIELS, et. al,                       :
                                       :
              Defendants

O R D E R

AND NOW, this 17th day of January, 2002, for the reasons set

forth in the accompanying Memorandum, it is hereby ordered that:

1.  The Cumberland County defendants'(Reitz, Sneed,
    Rivegno and Cumberland County) motion to dismiss
    (doc. 15) is granted for failure to state a claim.

2.  Dr. Daniels' motion to dismiss (doc. 26) is granted
    for failure to state a claim.

3.  Due to the dismissal of Starner's complaint,
    Starner's pending motion for trial by jury (doc. 16)
    is dismissed as moot.

4.  The Clerk of Court shall close this case.

5.  Any appeal taken from this order would not be taken
    in good faith.

FILED
JAN 1 7 2002
PER
HARRISBURG, PA.        DEPUTY CLERK

WILLIAM W. CALDWELL
United States District Judge